ADEBAYO COLE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cole v. Comm'r
Docket No. 29496-11.
United States Tax Court
2013 U.S. Tax Ct. LEXIS 43; June 24, 2013, Entered
*43 Adebayo Cole, Petitioner, Pro se.
For Respondent: John M. Tkacik Jr., Washington, DC.
David Gustafson, Judge.
David Gustafson
ORDER OF DISMISSAL AND DECISION
Now before the Court is respondent's "Motion to Dismiss for Lack of Prosecution", which we will grant.
On December 27, 2011, petitioner Adebayo Cole filed a petition asking this Court to redetermine deficiencies in Federal income tax that the IRS had determined for the years 2008 and 2009. The petition's explanation of his disagreement with the IRS stated, in its entirety, "I did NOT get opportunity to present my receipts including my mortgage interest and taxes and other receipts for verification." The "[s]tate[ment of] the facts upon which [he] rel[ies]" consisted, in its entirety, of the following list:
Mortgage interest receipts
Mortgage taxes.
Charity deduction receipts.
Others receipts.
His case was set to be tried at the Court's session beginning October 22, 2012, in Washington, D.C., and the parties were to exchange exhibits and pretrial memoranda by October 5, 2012. However, Mr. Cole evidently did not prepare for that trial date and did not cooperate with the IRS. On September 19, 2012--i.e., 2-1/2 weeks before that deadline--Mr. Cole was in an *44 automobile accident as a result of which he said he had to take medicine that made him dizzy and sleepy. Mr. Cole did not exchange documents with the IRS on or before October 5, 2012, and he did not appear for trial when the case was called October 22, 2012. However, by order of December 3, 2012, the Court stated:
Because this case has not been previously continued, and because we cannot rule out the possibility that petitioner's pretrial preparation and his attendance at trial were impeded by his medication, we will deny respondent's motion [to dismiss for failure to prosecute] and grant petitioner's motion. However, petitioner is warned that the Court does not by any means condone his non-cooperation before his September 19 accident and will expect him to follow the Court's rules and orders and to prepare for the upcoming trial session. Petitioner should not expect that he will be granted any further continuance.
The Court then ordered that this case would be called from the calendar in Washington, D.C., on June 3, 2013, and that "the parties' pretrial exhibit exchange and filing of pretrial memoranda shall take place no later than May 20, 2013."
On May 13, 2013, respondent (the IRS) *45 filed its pretrial memorandum, which reported that "Petitioner has been unresponsive to all of respondent's communications, both before the October 22, 2012 trial calendar and after." The Court attempted to conduct a telephone pretrial conference but was initially unable to reach Mr. Cole. The Court therefore issued an order on May 20, 2013, that gave Mr. Cole general reminders and instructions about the upcoming trial, and stated, inter alia, as follows:
You must appear on June 3, 2013. If you fail to appear, then your case may be dismissed for "failure to prosecute". Such a dismissal has the effect of upholding the IRS's determination against you....
Any documents you wish to offer into evidence at trial must first be exchanged with your opponent (the IRS). Our order of December 5, 2012, directed that you share those documents no later than Monday, May 20, 2013. If you did not meet that deadline, then you should contact your opponent immediately and explain when you will promptly do so.
Mr. Cole eventually did participate in a telephone conference call with the Court and respondent, during which he stated that he had work-related conflicts that prevented him from appearing at the upcoming *46 session and that he needed to hire a lawyer. The Court responded that, particularly in view of his prior continuance, it was Mr. Cole's duty to preserve his ability to attend the long-scheduled trial session, that most Tax Court petitioners are self-represented, and that if he wanted to hire a lawyer, it was his duty to do so early enough that would enable his case to be tried as scheduled. The Court indicated that no further continuance would be allowed.
Mr. Cole failed to appear when his case was called on June 3, 2013. The IRS appeared and filed a motion to dismiss for failure to prosecute. The motion details Mr. Cole's non-cooperation and non-response during the course of this case. By order dated June 3, 2013, we ordered Mr. Cole to file a response to the IRS's motion by June 2, 2013.
On that day, the Court received from Mr. Cole a response to the IRS's's motion." However, the response does not dispute any of the allegations in the IRS's motion. Instead, it explains that Mr. Cole has now identified an attorney and that he was unable to come to trial any day during the trial session because his employer would have terminated him. However, the attorney is not named (and has not entered *47 an appearance); and of course an attorney cannot manufacture evidence that the taxpayer has failed to locate. And the work Mr. Cole alleges he had to do during the trial session was not emergency work or an unexpected task that arose right before trial but rather his routine job, a conflict that he was obliged to resolve--with six months' notice--when this case was set for trial. Of course, his supposed inability to appear for trial would not make him unable to provide to respondent the documents he intended to offer into evidence. Mr. Cole's response to the IRS's motion does not even hint at (much less describe or present) the "receipts including my mortgage interest and taxes and other receipts" that his petition stated he wanted the "opportunity to present". We will therefore not grant any continuance but will grant the IRS's motion to dismiss.
If it were really true that Mr. Cole has receipts that he could present to substantiate deductions that the IRS disallowed, then he could file a motion to vacate within the 30-day time limit set by Rule 162, and he could present those receipts as exhibits to that motion, in order to demonstrate that he really does have evidence that would *48 support a redetermination of the deficiency. (And if it were really true that Mr. Cole has an attorney ready to help him, then that attorney could file an entry of appearance and submit that motion on Mr. Cole's behalf.)
But on the record now before us, Mr. Cole has presented no reason to justify his past failures in the prosecution of this case and no reason to suppose that any further delay would result in his producing any evidence to change the outcome. It is therefore
ORDERED that the IRS's motion to dismiss for lack of prosecution is granted, for the reasons stated therein. It is further
ORDERED AND DECIDED that there are deficiencies of tax and penalties due from petitioner as follows:
Year
Deficiency
Penalty under I.R.C. § 6662(a)
2008
$32,119.00
$6,423.80
2009
$7,180.00
$1,436.00
(Signed) David Gustafson
Judge
ENTERED: JUN 24 2013